Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, California 95113-2404
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
TAMMY LYNN PATTERSON

E-filing

Filed

MAY - 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| TAMMY LYNN PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>ENCORE RECEIVABLE MANAGEMENT, INC., a Kansas corporation,<br><br>Defendant. | Case No. C07 02427<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, TAMMY LYNN PATTERSON, (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

6. Plaintiff, TAMMY LYNN PATTERSON (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. (hereinafter "ENCORE"), is a Kansas corporation engaged in the business of collecting debts in this state with its principal place of business located at: 400 North Rogers Road, Olathe, Kansas 66062-1212. ENCORE may be served as follows: Encore Receivable Management, Inc., c/o STK Registered Agent, Inc., 9225 Indian Creek Parkway, Suite 1100, Overland Park, Kansas 66210-2029. The principal purpose of ENCORE is the collection of debts using the mails and telephone, and ENCORE regularly attempts to collect debts alleged to be due another. ENCORE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

### VI. FACTUAL ALLEGATIONS

8. On a date or dates unknown to the Plaintiff, Plaintiff is alleged to have incurred a financial obligation that was primarily for personal, family or household purposes, namely

1 a credit account issued by Discover Financial, and bearing the account number XXXX-XXXX-
2 XXXX-1154 (hereinafter "the alleged debt"). The financial obligation alleged to be owed to
3 Discover Financial by the Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and
4 a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

5    9.    Sometime thereafter on a date unknown to the Plaintiff, the alleged debt was
6 consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

7    10.   Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which
8 is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9    11.   A true and accurate copy of the collection letter from Defendant to Plaintiff
10 is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

11    12.   The collection letter (Exhibit "1") is dated October 25, 2006.

12    13.   The collection letter (Exhibit "1") was the Defendant's first written notice
13 initially addressed to the Plaintiff in connection with collecting the alleged debt.

14    14.   On or about January 4, 2007, Defendant's employee recorded the following
15 message on the Plaintiff's answering machine:

> This message is for Tammy Patterson. It's Michael Hood. Tammy, I haven't heard from you for several weeks. I need to find out what is going on with this and I can't do that if you're not returning my calls. I'm trying to help you here, but you do have to give me a call back. My number here is toll-free 866-636-0561.

19    15.   On or about January 8, 2007, Defendant's employee recorded the following
20 message on the Plaintiff's answering machine:

> Hi, Tammy it's Michael Hood. I talked to you back on thirteenth of last month. I'm trying to work with you. I need to have you give me a call back. My number here is toll-free 866-636-0561.

23    16.   On or about January 10, 2007, Defendant's employee recorded the following
24 message on the Plaintiff's answering machine:

> This message is for Tammy Patterson. Tammy, it's Michael Hood. I haven't heard back from you for several weeks now. I need to know what we are going to do with this. Give me a call back, 866-636-0561.

27 / / /
28 / / /

17. On or about January 15, 2007, Defendant's employee recorded the following message on the Plaintiff's answering machine:

> This message is for Tammy Patterson. Tammy, it's Michael Hood. I talked to you several weeks ago and haven't heard back from you. I need to have you give me a call, 866-636-0561.

18. On or about January 17, 2007, Defendant's employee recorded the following message on the Plaintiff's answering machine:

> Hi, this message is for Tammy Patterson. Tammy, this is Teresa. I need you to give me a call back at 866-636-0561. It's very important that I do speak with you. Again my number is 866-636-0561. I look forward to speaking with you. Thank you.

19. Defendant's answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20. Defendant's employees failed to disclose Defendant's identity and the nature of Defendant's business in each of the answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

21. Defendant's employees failed to disclose that each of the answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

23. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 21 above.

24. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

25. Defendant, ENCORE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26. The financial obligation allegedly owed to Discover Financial by the Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

27. Defendant's answering machine messages described above violate the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6); and

    b. Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

28. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

30. Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

31. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 29 above.

32. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

33. Defendant, ENCORE, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

34. The financial obligation allegedly owed to Discover Financial by the Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

35. Defendant's answering machine messages described above violate the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6), as

incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b);

  b. Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17.

36. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

37. As a result of the Defendant's willful and knowing violations of the RFDCPA, the Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

38. As a result of the Defendant's violations of the RFDCPA, the Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

39. As a result of the Defendant's violations of the RFDCPA the Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

40. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

The Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendant's answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11);

c. Declare that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

  d. Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  e. Award the Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

  f. Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

  g. Award the Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

  h. Award the Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
   Fred W. Schwinn, Esq.
   Attorney for Plaintiff
   TAMMY LYNN PATTERSON

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TAMMY LYNN PATTERSON, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

-7-
COMPLAINT

PO Box 3330
Olathe KS 66063-3330

ADDRESS SERVICE REQUESTED

**Encore**
receivable management inc.

Telephone: 866-636-0561

OCT 27 2006

#BWNHRMD    55279    13988
#1027 1323 0013 9886#    9053200-102-01

TAMMY L PATTERSON
1440 Essex Way
San Jose CA 95117-3724

ENCORE RECEIVABLE MANAGEMENT INC
PO Box 3330
Olathe KS 66063-3330

Creditor:       DISCOVER FINANCIAL
Account #:      6011000460331154
Placement Date: 10/25/06
Balance:        $5719.87

**Past Due Balance**

***Detach Upper Portion And Return With Payment***

**Creditor:**       DISCOVER FINANCIAL
**Account #:**      6011000460331154
**Placement Date:** 10/25/06
**Balance:**        $5719.87

Dear TAMMY L:

The above referenced account has been referred to our office for collection of the balance in full. Previous attempts have been made by our client to resolve this debt voluntarily. As of this date, those attempts have not been successful.

Encore Receivable Management, Inc. has been authorized by our client to provide the necessary effort to collect this debt. We recommend that you take advantage of this opportunity to pay the balance in full to prevent further collection activity.

*Please detach the upper portion of this notice and return with your payment in the enclosed envelope.*

Note: If payment of the balance has already been made, please notify this office at 866-636-0561 to avoid further communications.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

IONERMA01102

**EXHIBIT 1**

ENCORE RECEIVABLE MANAGEMENT INC ♦ 400 N Rogers Rd ♦ PO Box 3330 ♦ Olathe KS 66063-3330 ♦ 866-636-0561