David J. Kaminski, Esq. (SBN 128509)
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
ENCORE RECEIVABLE MANAGEMENT INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| TAMMY LYNN PATTERSON,<br><br>             Plaintiff,<br><br>vs.<br><br>ENCORE RECEIVABLE MANAGEMENT, INC., a Kansas Corporation,<br>             Defendants. | CASE NO. C 07-02427 (HRL)<br><br>Magistrate Judge: Howard R. Lloyd<br><br>[Complaint Filed: 5/7/07]<br><br>**ANSWER TO COMPLAINT; JURY TRIAL DEMAND** |

COMES NOW Defendant ENCORE RECEIVABLE MANAGEMENT INC. (hereinafter "ENCORE") and for its Answer to Plaintiff's Complaint, states and alleges as follows:

### I. INTRODUCTION

1. ENCORE lacks sufficient knowledge to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same for the present time.

### II. JURISDICTION

2. ENCORE admits this Court generally has jurisdiction over cases which arise under 15 U.S.C. 1692 *et seq.* and 28 U.S.C. § 1337, but denies that Plaintiff has any claim herein.

3. ENCORE denies the allegations in Paragraph 3 of Plaintiff's Complaint.

### III. VENUE

4. ENCORE admits that venue would be proper in this case, but denies that Plaintiff has any such claim herein.

### IV. INTRA-DISTRICT ASSIGNMENT

5. ENCORE lacks sufficient knowledge to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the same for the present time.

### V. PARTIES

6. ENCORE lacks sufficient knowledge to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same for the present time.

7. ENCORE admits the allegations in Paragraph 7 of Plaintiff's Complaint.

### VI. FACTUAL ALLEGATIONS

8. ENCORE lacks sufficient knowledge to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same for the present time.

9. ENCORE admits that Plaintiff's account was placed with ENCORE for collection.

10. ENCORE admits the allegations in Paragraph 10 of Plaintiff's Complaint.

11. ENCORE admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12. ENCORE denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. ENCORE admits the allegations in Paragraph 13 of Plaintiff's Complaint.

14. ENCORE lacks sufficient knowledge to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same for the present time.

15. ENCORE lacks sufficient knowledge to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same for the present time.

16. ENCORE lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same for the present time.

17. ENCORE lacks sufficient knowledge to admit or deny the allegations in Paragraph 17 of Plaintiff's Complaint and, therefore, denies the same for the present time.

18. ENCORE lacks sufficient knowledge to admit or deny the allegations in Paragraph 18 of Plaintiff's Complaint and, therefore, denies the same for the present time.

19. ENCORE denies that allegations in Paragraph 19 of Plaintiff's Complaint in that said paragraph states a legal conclusion.

20. ENCORE denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. ENCORE denies the allegations in Paragraph 21 of Plaintiff's Complaint.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

22. ENCORE denies that Plaintiff has any such claim herein.

23. Paragraph 23 contains no affirmative allegations against ENCORE. To the extent said Paragraph is deemed to contain any affirmative allegations against ENCORE, ENCORE denies the same.

24. ENCORE lacks sufficient knowledge to admit or deny the allegations in Paragraph 24 of Plaintiff's Complaint and, therefore, denies the same for the present time.

25. ENCORE admits the allegations in Paragraph 25 of Plaintiff's Complaint.

26. ENCORE lacks sufficient knowledge to admit or deny the allegations in Paragraph 26 of Plaintiff's Complaint and, therefore, denies the same for the present time.

27. ENCORE denies the allegations in Paragraph 27, including subparts a and b, of Plaintiff's Complaint.

28. ENCORE denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. ENCORE denies the allegations in Paragraph 29 of Plaintiff's Complaint.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

30. ENCORE lacks sufficient knowledge to admit or deny the allegations in Paragraph 30 of Plaintiff's Complaint and, therefore, denies the same for the present time.

31. Paragraph 31 of Plaintiff's Complaint contains no affirmative allegations against ENCORE. To the extent said Paragraph is deemed to contain any affirmative allegations against ENCORE, ENCORE denies the same.

32. ENCORE lacks sufficient knowledge to admit or deny the allegations in Paragraph 32 of Plaintiff's Complaint and, therefore, denies the same for the present time.

33. ENCORE admits the allegations in Paragraph 33 of Plaintiff's Complaint and, therefore, denies the same for the present time.

34. ENCORE lacks sufficient knowledge to admit or deny the allegations in Paragraph 34 of Plaintiff's Complaint and, therefore, denies the same for the present time.

35. ENCORE denies the allegations in Paragraph 35, including subparts a and b, of Plaintiff's Complaint.

36. ENCORE denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37. ENCORE denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38. ENCORE denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. ENCORE denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40. ENCORE denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. ENCORE denies all allegations or contentions which have not been specifically admitted or denied herein.

### FIRST AFFIRMATIVE DEFENSE

1. As a separate, affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

2. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C. § 1692 et. seq.

### THIRD AFFIRMATIVE DEFENSE

3. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant were justified under the circumstances based on information reasonably available to this answering Defendant.

///

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate, affirmative defense, Defendant alleges that the alleged actions of the Defendant were not accompanied by actual malice, intent or ill will.

### FIFTH AFFIRMATIVE DEFENSE

5. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of California Civil Code Section 1788, et seq.

### SIXTH AFFIRMATIVE DEFENSE

6. As a separate, affirmative defense, Defendant alleges that Defendant's conduct, communications and actions, if any, were privileged.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a separate, affirmative defense, assuming *arguendo* that this Defendant violated a statute alleged in the complaint, which presupposition the Defendant denies, such violation was not negligent or intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### EIGHTH AFFIRMATIVE DEFENSE

8. As a separate, affirmative defense, Defendant alleges that its conduct, communications and actions, if any, were privileged pursuant to Civil Code § 1785.32.

### NINTH AFFIRMATIVE DEFENSE

9. As a separate, affirmative defense, Defendant alleges that it, at all times alleged in the complaint, maintained reasonable procedures created to prevent any type of intentional violations of the Fair Debt Collection Practices Act.

### TENTH AFFIRMATIVE DEFENSE

10. As a separate, affirmative defense, Defendant alleges that if plaintiff was damaged in any sum or sums alleged, which Defendant denies, then plaintiff's damages are limited by 15 U.S.C. § 1692(k)(a)(1), § 1692(k)(a)(2)(A), § 1692(k)(a)(3) and 15 U.S.C. § 1692(k)(b)(1).

///

### ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate, affirmative defense, Defendant alleges that Defendant's conduct, communications and actions, if any, was privileged pursuant to 15 U.S.C. § 1692(k)(c).

### TWELFTH AFFIRMATIVE DEFENSE

12. As a separate, affirmative defense, Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to defendant during the course of this litigation.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate, affirmative defense, Defendant alleges that if plaintiff was damaged in any sum or sums alleged, which Defendant denies, then plaintiff's damages are limited by California Civil Code Section 1788.30.

**WHEREFORE**, Defendant Encore Receivable Management Inc. prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney and costs incurred herein and for such further relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Defendant Encore demands a Jury Trial in this matter.

DATED: June 6, 2007                CARLSON & MESSER LLP

By _David J. Kaminski_
David J. Kaminski, Esq.
Attorneys for Defendant,
ENCORE RECEIVABLE MANAGEMENT INC.